UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JERAMIAH BROWN,

                         Plaintiff,

v.                                                           5:20-CV-0553
                                                               (TJM/ML)
7-ELEVEN INCORP.; and
TIM HORTONS,

                        Defendants.
_____

APPEARANCES:                                                      OF COUNSEL:

JERAMIAH BROWN
  Plaintiff, *Pro Se*
323 South Massey Street
Watertown, New York 13601

MIROSLAV LOVRIC, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      The Clerk has sent this *pro se* complaint (Dkt. No. 1) together with (1) an application to proceed *in forma pauperis* (Dkt. No. 2), (2) an amended application to proceed *in forma pauperis* (Dkt. No. 6), and (3) a motion to appoint counsel (Dkt. No. 3), filed by Jeramiah Brown ("Plaintiff") to the Court for review. For the reasons discussed below, I (1) grant Plaintiff's amended *in forma pauperis* application (Dkt. No. 6), (2) deny as moot his application to proceed *in forma pauperis* (Dkt. No. 2), (3) deny his motion for appointment of counsel (Dkt. No. 3), and (4) recommend that Plaintiff's Complaint (Dkt. No. 1) be dismissed in its entirety with leave to amend.

**I.      PROCEDURAL HISTORY**

On September 19, 2019, Plaintiff commenced a *pro se* civil rights action in the Northern District of New York, Civil Action No. 5:19-CV-1160 (LEK/ATB) ("*Brown I*") against Tim Hortons and 7-Eleven ("Defendants"), alleging that Defendants discriminated against him based on his disability, refused to grant him reasonable accommodations, and constructively terminated him in violation of the Americans with Disabilities Act ("ADA").  (*Brown I*, Dkt. No. 1.)

On October 31, 2019, Defendants filed a stipulation of dismissal signed by the parties. (*Brown I*, Dkt. No. 12.)  The stipulation of dismissal dismissed "all claims by [Plaintiff] in this action against 7-Eleven, Inc., with prejudice."  (*Id*.)  On November 5, 2019, United States District Judge Lawrence E. Kahn entered the stipulation and dismissed *Brown I* with prejudice. (*Brown I*, Dkt. No. 13.)

On April 28, 2020, Plaintiff filed a letter motion (dated April 20, 2020), requesting a Court conference to discuss a breach of the non-disclosure agreement.  (*Brown I*, Dkt. No. 16.) On April 30, 2020, Defendants submitted a letter brief in opposition to Plaintiff's letter motion. (*Brown I*, Dkt. No. 17.)

On April 30, 2020, United States Magistrate Judge Andrew T. Baxter denied Plaintiff's motion for a court conference.  (*Brown I*, Dkt. No. 18.)  Magistrate Judge Baxter's text order stated, *inter alia*, that "this court lacks jurisdiction or authority to enforce any agreement between the parties. . . . Because Judge Kahn's dismissal order did not (1) expressly retain jurisdiction over the settlement or other agreements between the parties, or (2) incorporate the terms of the settlement or other agreements in the order, the district court does not retain ancillary jurisdiction to enforce such agreements."  (*Id*.)

On May 15, 2020, Plaintiff commenced this action by the filing of his *pro se* Complaint. (Dkt. No. 1.)

## II.   BACKGROUND

Construed as liberally[1] as possible, Plaintiff's Complaint alleges that his civil rights were violated by Defendants.  (*See generally* Dkt. No. 1.)  The Complaint is a form complaint pursuant to the ADA and Plaintiff checked the relevant areas on the form indicating that "[t]he conduct complained of in this action involves . . . [r]etaliation." (*Id*. at ¶ 5.)  Plaintiff alleges that employees of Defendants referred to him as "chicken bone" to other employees, customers, and individuals.  (*See generally* Dkt. No. 1.)  Despite these allegations, what appears to be the crux of Plaintiff's Complaint, is that Defendant 7-Eleven allegedly breached a non-disclosure agreement, which was entered into pursuant to the settlement in *Brown I*, by "leak[ing] or sp[eaking] about the [settlement in *Brown I*] to employees who work at 501 Mill Street[,] Watertown[,] NY 13601." (*Id*. at ¶ 6.)

For a more complete statement of Plaintiff's claims, refer to the Complaint.  (Dkt. No. 1.)

Plaintiff also filed an application for leave to proceed *in forma pauperis*.  (Dkt. No. 2; Dkt. No. 6.)

## III.   PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid.  28 U.S.C. § 1914(a).  A court is authorized, however, to permit a litigant to proceed *in forma pauperis* status if a party "is unable to pay" the

---

[1]   The court must interpret *pro se* complaints to raise the strongest arguments they suggest. *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

standard fee for commencing an action. 28 U.S.C. § 1915(a)(1).[2] After reviewing Plaintiff's amended *in forma pauperis* application (Dkt. No. 6), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[3]

### IV.     LEGAL STANDARD FOR INITIAL REVIEW OF THE COMPLAINT

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In addition, the Court shall dismiss any action where the Complaint fails to allege facts plausibly suggesting subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1988) (holding that subject matter jurisdiction is a "threshold question that must be resolved . . . before proceeding to the merits."); *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205-06 (2d Cir. 2019) (citing *United States v. Bond*, 762 F.3d 255, 263 (2d Cir. 2014)) ("[b]efore deciding any case on the merits, a district court must determine that it has subject matter jurisdiction over the matter."); *Koziel v. City of Yonkers*, 352 F. App'x 470, 471 (2d Cir. 2009) (summary order) (affirming *sua sponte* dismissal of complaint on initial review for lack of subject matter); *Talley v. LoanCare Serv., Div. of FNF*,

---

[2]     The language of that section is ambiguous because it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]     Plaintiff is reminded that, although the application to proceed *in forma pauperis* has been granted, he will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

15-CV-5017, 2018 WL 4185705, at *5 (E.D.N.Y. Aug. 31, 2018) (dismissing on initial review, action challenging state court mortgage foreclosure judgment because the court lacked jurisdiction); *Eckert v. Schroeder, Joseph & Assoc.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005) (citing *Hughes v. Patrolmen's Benevolent Ass'n of the City of N.Y., Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied*, 488 U.S. 967 (1988)) ("[a] court shall, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction as soon as it is apparent that it lacks subject matter jurisdiction.").

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Courts are "obligated to construe a pro se complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *see also Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam) (reading the plaintiff's *pro se* complaint "broadly, as we must" and holding that the complaint sufficiently raised a cognizable claim). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse party has been served and [the] parties . . . have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

The Court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Aguilar v. United States*, 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

## V.     ANALYSIS

In addressing the sufficiency of a plaintiff's complaint, the court must construe his pleadings liberally. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Having reviewed Plaintiff's Complaint with this principle in mind, I recommend that all causes of action be dismissed.

Subject matter jurisdiction can never be waived or forfeited. *ACCD Global Agric., Inc. v. Perry*, 12-CV-6286, 2013 WL 840706, at *1 (S.D.N.Y. March 1, 2013) (quoting *Dumann Realty, LLC v. Faust,* 09-CV-7651, 2013 WL 30672, at *1 (S.D.N.Y. Jan. 3, 2013)). Federal courts are mandated to examine their own jurisdiction *sua sponte* at every stage of the litigation. *ACCD Global Agric., Inc.*, 2013 WL 840706, at *1; *see In re Tronox, Inc.*, 855 F.3d 84, 85 (2d Cir. 2017) (federal courts have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*).

> A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It has subject matter jurisdiction over claims in which: (1) there is a 'federal question' in that a colorable claim arises under the 'Constitution, laws or treaties of the United States,' 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332.

*Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 511-12 (D. Conn. 2015) (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two categories of subject matter jurisdiction) (footnote omitted)), *reconsideration denied*, 14-CV-0053, 2015 WL 2124365 (D. Conn. May 6, 2015).

Here, the Complaint asserts that the Court has jurisdiction because it is a civil action seeking damages pursuant to the ADA for discrimination based on a disability and the failure to accommodate that disability. (Dkt. No. 1 at ¶ 1.) However, the disability discrimination claims

7

alleged here are duplicative of the claims that Plaintiff asserted and dismissed with prejudice in *Brown I*. (*Brown I*, Dkt. No. 13); *see Curtis v. Citibank, N.A.*, 226 F.3d 133, 136 (2d Cir. 2000) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) ("As part of the general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."). This is particularly true in light of Plaintiff's letter motion that he filed in *Brown I*, where he stated that he "cannot apply at any place present or in the future owned by the 7-Eleven Incorporation." (*Brown I*, Dkt. No. 16 at 1.) Since Plaintiff has not been employed by Defendants since approximately September 6, 2018, the allegations in his Complaint here relate to discrimination that was the subject of *Brown I*, and thus, are duplicative. (*Compare* Dkt. No. 1, *with Brown I*, Dkt. No. 1.) As a result, to the extent that Plaintiff's Complaint is construed as asserting claims of disability discrimination, I recommend that those claims be dismissed.[4]

However, as set forth above in Part II of this Order and Report-Recommendation, the crux of Plaintiff's claims appear to be Defendants' alleged breach of a non-disclosure agreement. (*See generally* Dkt. No. 1.) In the portion of Plaintiff's Complaint that seeks "the facts of [his] case which substantiate [his] claim of discrimination," Plaintiff alleges that Defendants breached the non-disclosure agreement. (Dkt. No. 1 at ¶ 6.) Enforcement of "a settlement agreement is fundamentally 'a claim for breach of contract, part of the consideration of which was dismissal of an earlier federal suit,' and therefore 'requires its own basis for jurisdiction.'" *Hendrickson v.*

---

[4]   The Court also notes that the allegations in the Complaint appearing to allege disability discrimination merely assert that "[m]anagers and the [g]eneral manager referred to [Plaintiff] as 'chikenbone' to employees, customers, and individuals." (Dkt. No. 1 at ¶ 5.) Without more, this vague allegation falls far short of plausibly alleging a claim of disability discrimination.

*United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 378 & 381 (1994)).

As set forth in Magistrate Judge Baxter's order dated April 30, 2020, this Court did not retain ancillary jurisdiction over the enforcement of Plaintiff and Defendants' settlement agreement in *Brown I*.  (*Brown I*, Dkt. No. 18.)  "When a district court lacks ancillary jurisdiction over the enforcement of the settlement agreement, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" *Hendrickson*, 791 F.3d at 362 (quoting *Kokkonen*, 511 U.S. at 382)).

The Court notes that Plaintiff only raises 28 U.S.C. § 1331 as the basis for jurisdiction, and the case could be dismissed for that reason alone.  The Court must keep in mind, however, that when a plaintiff proceeds *pro se*, the pleadings must be construed with liberality. *McDermott*, 2011 WL 4834257, at *3 (citing *Sealed Plaintiff v. Sealed Defendants*, 537 F.3d 185, 191 (2d Cir. 2008)).  The Court must interpret the pleadings to raise the strongest arguments they suggest.  *Id*. (citing *McPherson v. Coombe*, 174 F.3d 276, 279 (2d Cir. 1999)).

As set forth below, after carefully considering the matter and considering other possible bases for jurisdiction over Plaintiff's Complaint, I find that there is no basis for jurisdiction.

Plaintiff fails to allege facts plausibly suggesting a claim pursuant to the federal constitution, law, or treaty.  In addition, the Complaint fails to allege facts plausibly suggesting diversity of citizenship pursuant to 28 U.S.C. § 1332.  (*Compare* Dkt. No. 1 at ¶ 2 [alleging that Plaintiff is a citizen of New York], *with* Dkt. No. 1 at ¶ 3 [alleging that Defendant Tim Hortons is a citizen of New York].)  In addition, the Complaint fails to allege facts plausibly suggesting that the amount in controversy is a minimum of $75,000, for purposes of jurisdiction pursuant to 28 U.S.C. § 1332.  (*See generally* Dkt. No. 1.)

After carefully reviewing Plaintiff's Complaint and considering other possible bases for jurisdiction, I find that there is no basis for jurisdiction over Plaintiff's Complaint. As a result, I recommend that it be dismissed in its entirety.

## VI. OPPORTUNITY TO AMEND

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).[5]

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36

---

[5] *See also Carris v. First Student, Inc.*, 132 F. Supp. 3d 321, 340-41 n.1 (N.D.N.Y. 2015) (Suddaby, C.J.) (explaining that the standard set forth in *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)—that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would be successful in stating a claim"—is likely not an accurate recitation of the governing law after *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)), *rev'd on other grounds*, 682 F. App'x 30.

(2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint."). This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff described in his Complaint. However, because the Court must recommend dismissal without prejudice, Plaintiff may be given an opportunity to amend his Complaint. Any amended complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court.

## VII. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel. (Dkt. No. 3.) The application indicates that Plaintiff has been unsuccessful in his efforts to obtain counsel on his own from the private sector. (*Id.*)

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly

dubious." *Leftridge*, 640 F.3d at 69.  If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action.  As such, the Court cannot find that Plaintiff's claims are likely to be of substance.  Plaintiff's motion (Dkt. No. 3) is therefore denied.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended application to proceed *in forma pauperis* (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** as moot; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 3) is **DENIED**; and it is further respectfully

**RECOMMENDED** that the Court **DISMISS WITH LEAVE TO REPLEAD** Plaintiff's Complaint (Dkt. No. 1) because the Court lacks subject matter jurisdiction.

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

It is hereby respectfully **ORDERED** that the Clerk of the Court shall file a copy of this order, report, and recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[7]

Dated: June 17, 2020
    Binghamton, New York

_____
Miroslav Lovric
U.S. Magistrate Judge

---

[6]   If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

[7]   The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).